UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEPHEN A. NEUMEYER,

Petitioner,

v.

HOYT A. BRILL, and
JON E. LITSCHER,

Respondents.

Civil No. 00-786 (ADM/ESS)

**ORDER**

On March 30, 2000, Petitioner, a prisoner of the State of Wisconsin, filed a petition for a writ of habeas corpus, challenging the legality of his incarceration at the Prairie Correctional Facility, ("PCF"), in Appleton, Minnesota. [Docket No. 1]. The Court issued an Order To Show Cause on April 5, 2000, directing the named Respondent, Warden Hoyt Brill, to file a response to the petition and explain why the writ should not be granted. [Docket No. 2].

On April 21, 2000, Respondent filed three motions in response to the Order to Show Cause: (1) a motion to substitute Jon E. Litscher as the named respondent in this action, [Docket No. 8], (2) a motion to dismiss the petition, [Docket No. 9], and (3) a motion to stay the filing of a complete return to the petition until after the motion to dismiss is resolved, [Docket No. 7]. In response, Petitioner has filed a response opposing Defendant's motion for substitution of respondent [Docket No. 5] and several self-styled motions entitled "Petitioner's Motion to Strike the Wisconsin Attorney General's Pleadings," [Docket No. 11], and "Motion for Default Judgment," [Docket No. 12]. Most recently, Respondent filed a "Motion To Enlarge Time To Respond To Petitioner's Motion For Default Judgment," [Docket No. 15], and a memorandum in opposition to Petitioner's motion to strike pleadings by the Wisconsin Attorney General [Docket

FILED 5-22-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

No. 16].

Before the docket in this case becomes any more cluttered and confusing, the Court will address the various motions that are currently pending before it.

A. Motion To Stay Return and Motion To Dismiss

In lieu of filing a comprehensive return to the petition, Respondent has filed a motion to seeking to have it dismissed. Respondent's motion to dismiss was accompanied by a "Motion To Stay Return," asking for permission to delay the filing of a more complete return until after the Court has ruled on the motion to dismiss. Respondent's motion to dismiss, and the memorandum offered in support of that motion, [Docket No. 10], raise a number of potentially meritorious defenses to the petition. The Court finds that the defenses raised in the motion to dismiss should be addressed before any further response to the petition is required. Therefore, Respondent's motion to stay will be granted, and Respondent's motion to dismiss will be addressed in due course.

B. Motion To Substitute Respondent

Respondent has filed another motion suggesting that Jon E. Litscher should replace Hoyt Brill as the named respondent in this case. Litscher is the Secretary of the Wisconsin Department of Corrections, and Brill is the Warden at PCF. Petitioner has opposed Respondent's motion by filing "Petitioner's Response to Respondent's Consent for Substitution of Respondent " [Docket No. 5].

Federal case law consistently indicates that the proper respondent in a habeas corpus proceeding normally will be the warden at the facility where the petitioner is confined. See McCoy v. U.S. Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976) ("[t]he custodian is, in most circumstances, the warden [or] chief administrative official of the correctional institution in

which the petitioner is incarcerated"). Following that general rule here, the Court will not allow Jon E. Litscher to replace Hoyt Brill as the named Respondent. However, Litscher probably qualifies as Petitioner's legal "custodian," (at least in some sense), and he undoubtedly has an interest in these proceedings. Litscher apparently is responsible for housing individuals who have received prison sentences in Wisconsin state court proceedings, and he apparently is the individual who is ultimately responsible for the prison transfer that Petitioner is now challenging. Petitioner has not demonstrated that Litscher's appearance in this case will have any effect on the ultimate resolution of his habeas corpus claims. Habeas relief will be granted or denied based on the strength or weakness of Petitioner's legal position -- not the names that appear in the caption of his case. Therefore, the Court will order that Litscher become an additional respondent in this case, and that henceforth Brill and Litscher shall appear as co-respondents.[1]

C. Petitioner's Motion To Strike Wisconsin Attorney General Pleadings

Petitioner has also filed a motion asking the Court to strike all pleadings from the Wisconsin Attorney General.[2] [Docket No. 11]. The Court has reviewed the arguments put forth by Petitioner in support of his motion. However, the relief requested in Petitioner's Motion to Strike will NOT be granted.

The Court first notes that Assistant Wisconsin Attorney General Jaime Preciado has now been granted pro hac vice admission in this matter. [Docket No. 13]. Attorney Preciado can properly appear on behalf of Co-respondent Litscher, and there is no reason why Co-respondent

---

[1] As a practical matter, the Court finds no reason to think that the final outcome of this case will be affected by who is named as the respondent.

[2] The Wisconsin Assistant Attorney General who has thus far presented the defense for the Co-respondents in this matter is Jaime Preciado.

Brill should be compelled to duplicate the legal defense to Petitioner's claims that is being advanced by Preciado for the benefit of Litscher. If Co-respondent Brill chooses to rely on the defense presented by attorney Preciado, the Court will not bar him from doing so. In fact, a single set of submissions from the Co-respondents is encouraged, as that will undoubtedly reduce the overall number of submissions in this case.

C. Petitioner's Motion For Default Judgment

Petitioner also has filed a motion asking the court to enter a default judgment in his favor. [Docket No. 12]. He contends that he is entitled to default judgment, because the originally named Respondent, Warden Hoyt Brill, has not personally responded to the Order to Show Cause that was entered in this case on April 5, 2000. [Docket No. 2]. It is readily apparent, however, that Brill has allowed his Co-respondent, Jon Litscher, to handle the defense of Petitioner's habeas corpus claims, see "Consent For Substitution Of Respondent," [Docket No. 3], and the Court has now approved that arrangement, as discussed above.

A timely response to the petition has been filed, namely the motion to dismiss filed on April 21, 2000, [Docket No. 9], and the Court has already determined that no further response to the petition will be required -- at least for now. Thus, the Court concludes that the Co-respondents are not in default, and that Petitioner's motion for default judgment must be denied.

D. Motion For Enlargement Of Time

Because Petitioner's "Motion For Default Judgment" will be denied, Respondent's motion seeking an enlargement of time to respond to that motion [Docket No. 15] will be denied as moot.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED that**:

1. Respondent's "Motion to Stay Return," [Docket No. 7], is **GRANTED;**

2. Respondent's "Motion to Substitute Jon E. Litscher As Respondent," [Docket No. 8], is **GRANTED IN PART AND DENIED IN PART**, and henceforth Hoyt Brill and Jon E. Litscher shall be deemed to be co-respondents in this matter;

3. Petitioner's "Motion To Strike Wisconsin Attorney General's Pleadings," [Docket No. 11], is **DENIED;**

4. "Petitioner's Motion for Default Judgment," [Docket No. 12], is **DENIED;**

5. Respondent's "Motion To Enlarge Time To Respond To Petitioner's Motion For Default Judgment," [Docket No. 15], is **DENIED AS MOOT**.

Dated: May 22, 2000

E. S. Swearingen

E. S. SWEARINGEN
United States Magistrate Judge