UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

STEPHEN A. NEUMEYER

Petitioner,

v.

HOYT A. BRILL, and
JON E. LITSCHER,

Respondents.

Civil File No. 00-786 (ADM/ESS)

**REPORT AND RECOMMENDATION**

Stephen A. Neumeyer. Prairie Correctional Facility, Box 500, Appleton, MN 56208, Petitioner, pro se.

Jaime Preciado, Wisconsin Department of Justice, Post Office Box 7857, Madison, WI, 53707-7857; and John W. Riches II, Prairie Correctional Facility Staff Personnel, PO Box 157, Appleton, MN 56208-0157, for Respondents.

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's pro se application for habeas corpus relief under 28 U.S.C. §§ 2241- 2254. [Docket No. 1]. Respondents have filed a motion and supporting memorandum asking the Court to dismiss the petition [Docket Nos. 9 and 10], and Petitioner has filed various exhibits and memoranda in support of his application for habeas corpus relief [Docket Nos. 5, 11, 12, 14, and 18]. These proceedings have been referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c)(1). For the reasons stated below, the Court recommends that the petition for writ of habeas corpus be dismissed with prejudice.

FILED NOV 0 9 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

## I. BACKGROUND

Petitioner was incarcerated after judgment of convictions were entered by the State of Wisconsin, County of Shawano, on February 2, 1999 and April 12, 1999. Petitioner was committed to the Wisconsin State Prison System to serve a term of imprisonment of seven and a half years for the crimes of violating a restraining order, 3 counts; battery, 2counts; and bail jumping, all as a habitual offender. (Petition, [Docket No. 1], p.2, ¶ 2.) Wisconsin Department of Corrections officials subsequently transferred defendant to the Prairie Correctional Facility, ("PCF"), in Appleton, Minnesota.

Petitioner is one of many Wisconsin prison inmates who have been transferred to out-of-state prison facilities in recent months. Because of overcrowding in its own facilities, the Wisconsin Department of Corrections has made contractual arrangements with institutions in other states to provide housing for Wisconsin inmates. PCF, a private prison operated by the Corrections Corporation of America, ("CCA"), is one of the facilities that has agreed to accept and house Wisconsin prisoners.

In Petitioner's present application for habeas corpus relief, he claims that the Warden at PCF, Hoyt Brill, cannot legally detain him and should be ordered to release him immediately. The petition lists essentially three grounds in support of his demand for immediate release from custody:

(1) The State of Wisconsin lacked legal authority to compel Petitioner out of state pursuant to a contract entered into by two states;

(2) Petitioner's transfer to Minnesota violated his judgment of conviction which ordered him to serve time in the Wisconsin prison system; and

(3) A misdemeanor offender cannot be extradited from one state to another without waiving extradition or having committed a crime in the receiving state.

For the reasons discussed below, the Court concludes that the Petitioner is not entitled to habeas corpus relief on any of the grounds listed in his petition. It will therefore be recommended that this action be dismissed with prejudice.

## II. DISCUSSION

A. Form of Action

Respondents initially argue that habeas corpus relief is not available to Petitioner in this matter because he is not challenging the validity of his underlying Wisconsin state court conviction and/or sentence, nor is he seeking relief for any "quantum changes in the level of his confinement." Respondents contend that petitioner is challenging only the conditions of his confinement, which cannot be done in an action brought under the federal habeas corpus statutes. (28 U.S.C. §§ 2241-2255).

It is certainly true that a civil rights action, rather than a habeas corpus action, is the prescribed federal remedy for a prisoner who is challenging the conditions of his confinement rather than the fact or duration of his confinement. As explained by our Court of Appeals:

> [c]laims challenging conditions of confinement or the method by which a sentence is being caried out may be asserted through a [42 U.S.C.] § 1983 cause of action. However, a state prisoner challenging the fact or duration of a sentence of imprisonment and seeking an earlier or speedier release has a federal remedy through habeas corpus and cannot bring an action under § 1983.

Williams v. Hopkins, 130 F.3d 333, 336 (8th Cir.), cert. denied, 522 U.S. 1010 (1997) (emphasis added). Where the proper form of action – habeas or civil rights – is debatable, "[i]t is the substance of the relief sought which counts." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (emphasis added).

In this case, while Petitioner may be complaining about the conditions of his confinement, he is seeking no relief other than immediate release from custody. He has not requested money

damages to compensate him for his allegedly wrongful transfer to PCF, nor has he requested injunctive or declaratory relief that would cause him to be returned to Wisconsin. Instead, he is challenging the very fact of his confinement, and he is seeking an expedited release from custody. Simply put, he wants the Warden at PCF to set him free immediately. The federal remedy for such a request is a writ of habeas corpus. Id. ("[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody"). Given the type of relief that Petitioner is seeking here, the Court concludes that he has properly presented his claims by way of a habeas corpus petition, rather than a civil rights complaint.

B. Exhaustion of State Court Remedies

Respondents further contend that if Petitioner's claims can properly be brought in a habeas corpus petition, they must be summarily dismissed because he has not exhausted his available state court remedies. See 28 U.S.C. § 2254(b) and (c); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). Assuming there are state court remedies available to Petitioner, (as contended by Respondents[1]), the Court will not recommend that the instant petition be dismissed for non-exhaustion, for two reasons.

First the Court is not fully satisfied that the exhaustion requirement is applicable here. Because Petitioner is not challenging the validity of any state court judgment, it may be most appropriate to construe his petition as one brought under 28 U.S.C. § 2241, rather than § 2254. See Montez v. McKinna, 208 F.3d 862, 864-65 (10th Cir. 2000) (describing § 2254 as the proper

[1] For the most part, the remedies cited by Respondents are administrative remedies, rather than remedies available in the courts of the states. (see Respondent's Brief In Support Of His Motion To Dismiss," [Docket No. 10], at pp. 8-9.) Respondents suggest that Petitioner could ask the state courts to conduct "certiorari review" of an adverse administrative agency decision, but it does not appear that such a remedy would be available to Petitioner at this time, because there is no formal administrative ruling for him to challenge. Thus, the Court questions whether Petitioner actually does have any state court remedies presently available to him.

statutory basis for challenging the validity of a state prisoner's conviction or sentence, and § 2241 as the proper statutory basis for challenging the execution of a sentence). If the instant petition is construed to be a § 2241 petition, then exhaustion of state court remedies may not be required, because § 2241 does not include an exhaustion clause comparable to § 2254(b).[2]

Furthermore, even if there are state court remedies available to Petitioner, the instant petition can still be properly adjudicated without exhaustion, pursuant to 28 U.S.C. § 2254(b)(2). That statute allows the Court to sidestep the exhaustion issue, if Petitioner's claims will be rejected on the merits in any event.[3] Because the Court does indeed conclude that Petitioner's claims must be denied on the merits, (for reasons discussed immediately below), this case need not be, and will not be dismissed for non-exhaustion.

---

2

In Montez, the Court held that "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." 208 F.3d at 866. Although Montez cites three cases in support of this conclusion, none of the cited cases actually holds that exhaustion is necessary in § 2241 cases brought by state prison inmates. Two of the cases cited in Montez involved § 2254 petitions, rather than § 2241 petitions, and the third case involved a federal prisoner who was required to exhaust his federal administrative remedies–not his state court remedies.

Several courts have held that state pre-trial detainees must exhaust their state court remedies before seeking relief under § 2241. See Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D.Wis. 1999); Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (E.D.Wis. 1999); Moore v. DeYoung, 515 F.2d 437, 442 (3rd Cir. 1975); Neville v. Cavanaugh, 611 F.2d 673, 675 (7th Cir. 1979), cert. denied, 446 U.S. 908 (1980). Those decisions, however, are based on abstention principles that would seem to apply only when a related state court case is still pending at the time when federal habeas corpus relief is sought under §2241. Where a prisoner's § 2241 claims are wholly independent of any pending state court proceedings, (which appears to be the case here), exhaustion presumably would not be mandated by abstention principles.

Thus, The Court has found no authority, (aside from Montez), indicating that the state prisoner must exhaust available state court remedies before filing a § 2241 petition challenging only the manner in which his sentence is being executed.

3

28 U.S.C. § 2254 (b)(2) provides that "[a]n application for awrit of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the states." Section 2241 does not expressly include a provision similar to § 2254(b)(2)–which is not surprising, given that § 2241 does not expressly include an exhaustion requirement. Nevertheless, if exhaustion of state court remedies is required under § 2241, the Court believes that a petition brought under that statute can properly be considered and denied on the merits without exhaustion, (provided no federal abstention principles are implicated), just as permitted by § 2254(b)(2). See Montez, 208 F.3d at 866 (applying § 2254(b)(2) in a case construed to be a § 2241 action).

C. The Merits of Petitioner's Claims

**(i) Alleged Failure to comply with extradition laws**

Petitioner argues that his current confinement is illegal because his transfer to PCF constitutes an extradition from Wisconsin to Minnesota, which was accomplished without following applicable state and federal extradition laws. He contends that Minnesota never issued a valid warrant for his arrest, and that Wisconsin sent him to this state without affording him the protections guaranteed by state law and the due process clause of the federal Constitution.

This argument is without merit, because it is based on the wholly erroneous premise that Petitioner was "extradited" to Minnesota. Extradition is the process by which one state seeks custody of a person found in another state in order to prosecute or punish the person for a crime.[4] Petitioner was not "extradited" to Minnesota, because the State of Minnesota did not ask Wisconsin to send him here to face criminal charges, to fulfill a judgment entered by a Minnesota court, or for any other reason. Because Petitioner was not extradited to Minnesota, he was not entitled to the procedural protections of state and/or federal extradition laws before being transferred to PCF. Thus, the Court finds this grounds for relief to be clearly without merit.

**(ii) Alleged denial of due process based on being sentenced to "the Wisconsin Sentence System" – not the Department of Corrections**

Petitioner's next claim for relief is based on a phrase that allegedly appears in his judgment of conviction – namely that he was sentenced to "the Wisconsin Prison System." This means, according to Petitioner, that he can be confined only in a prison facility that is located in, and operated by, the State of Wisconsin. Petitioner claims that he was unconstitutionally deprived of his

---

4

Black's Law Dictionary defines "extradition" as "[t]he surrender by one state or country to another of an individual accused or convicted of an offense outside its own territory and within the territorial jurisdiction of the other, which, being competent to try and punish him, demands the surrender."

legal right to remain in a Wisconsin prison, (as allegedly mandated by his sentence and Wisconsin law), when he was sent to PCF without the benefit of due process.

This argument fails because it is based on a misinterpretation of his sentence and Wisconsin law. The Wisconsin Court of Appeals recently held that a Wisconsin judgment of conviction that sentences a defendant to "the Wisconsin state prisons" merely identifies "the initial place of imprisonment for those who receive sentences of more than one year, thereby differentiating sentences of less than one year, which 'shall be to the county jail." Evers v. Sullivan, No. 00-127 (Wis.App. June 1, 2000), 2000 WL 705340 at ¶ 12. In other words, when a Wisconsin court sentences a defendant to state prison, it is merely indicating that a defendant will not be serving his sentence in a county jail. Evers, a Wisconsin appellate court decision interpreting Wisconsin sentencing procedures, clearly indicates that defendants who are sentenced to the Wisconsin prison system can properly be transferred to out-of-state facilities.

At least one Wisconsin federal court has likewise concluded that neither the language used in a prisoner's sentence, nor state statutory law, gives a Wisconsin prisoner any vested interest in remaining in a Wisconsin state-operated prison facility. See Lambert v. Sullivan, 35 F.Supp.2d 1131, 1132 (E.D.Wis. 1999).[5] That court further noted that even if an out-of-state prison transfer were inconsistent with state law, or the terms of a state sentence, an erroneous transfer could not be corrected in a federal habeas corpus proceeding. Id. ("it is well-established that violations of state

---

5

Lambert was brought by a Wisconsin state prison inmate who did not want to be transferred to a private prison in another state. In Lambert, the court held that Lambert's reliance upon an alleged distinction between the "Wisconsin State Prisons" and "Wisconsin Department of Corrections," and the legal consequences which flow from the proposed distinction, was excessively literal and without support from the relevant statutes. 35 F.Supp.2d at 1132. The claim brought in Lambert is indistinguishable from the one presented here, and this court finds no reason to deviate from the decision reached by the Wisconsin federal district court.

law do not provide a basis for federal habeas relief[;] [s]uch violations must be remedied, if at all, in the state courts").

In sum, under Wisconsin law, as interpreted by the Wisconsin state and federal courts, Petitioner was not legally mandated to serve his prison term only in a state-operated prison. He therefore had no state-created liberty interest in remaining in a Wisconsin prison, and it was permissible to transfer him to an out-of-state prison without first affording him due process.

**(iii) Alleged lacked of legal authority for the State of Wisconsin to compel Petitioner out-of-state pursuant to a contract**

Petitioner's final claim is that the State of Wisconsin cannot compel prisoners out of state pursuant to a contract with a private prison in Minnesota. However, Wisconsin law gives the Department of Corrections ("DOC") discretion to transfer prisoners at will even to out-of-state private prisons. Wisconsin Stat. § 301.21(1m) authorizes the DOC to, "enter into one or more contracts with another state or political subdivision of another state for the transfer and confinement in that state of prisoners who have been committed to custody of the department." Wis. Stat. § 301.21(2m) similarly allows for the transfer of inmates out-of-state to private persons. Consequently, under state law, these places of confinement are within the normal range of places of confinement a Wisconsin prisoner may expect to serve his or her sentence with no liberty interest implicated. See also Sandin v. Connor, 515 U.S. 472, 486 (1995) (holding that the transfer of a prisoner from one prison to another, even if out-of-state and and to a private prison, does not present an "atypical and significant hardship in relation to the ordinary incidents of prison life" so as to implicate a liberty interest or due process concerns). These statutes indicate that while the prisoners are physically confined in an out-of-state location, they are still being held under the authority of Wisconsin, and are still Wisconsin prisoners.

Petitioner objects to his transfer pursuant to the contract between the Wisconsin Department of Correction and Corrections Corporation of America on the grounds that it violates extradition provisions. For the reasons earlier discussed, Petitioner's transfer does not implicate extradition law. Such contracts are allowed under Wisconsin law. Further, Petitioner has failed to furnish any authority that contradicts the case law holding that prisoners may be transferred to out-of-state private prisons without implicating a liberty interest. Under these circumstances, Petitioner is not entitled to immediate relief on this claim.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Respondents' motion to dismiss Petitioner's application for writ of habeas corpus relief, [Docket No. 9], be **GRANTED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Dated: November 8, 2000

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.